IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| NUCOR CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 22-00070 |
| Defendant, | ) |
| and | ) |
| GOVERNMENT OF THE REPUBLIC OF KOREA, | ) |
| Defendant-Intervenors. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Pursuant to Rule 7 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully submits its opposition to the motion to stay proceedings filed by plaintiff Nucor Corporation (Nucor). In this action, plaintiff challenges the final results of the United States Department of Commerce (Commerce) in the 2019 administrative review of the countervailing duty order covering certain carbon and alloy steel cut-to-length plate from Korea. *See Certain Carbon and Alloy Steel Cut-to-Length Plate From the Republic of Korea*, 87 Fed. Reg. 6,842 (Dep't of Commerce Feb. 7, 2022), co*rrected by Certain Carbon and Alloy Steel Cut-to-Length Plate From the Republic of Korea*, 87 Fed. Reg. 21,096 (Dep't Commerce Apr. 11, 2022), and accompanying Issues and Decision Memorandum. Nucor seeks a stay of this proceeding pending the final resolution of a separate action Nucor has

brought challenging the final results of the administrative review of a different countervailing duty order, *Certain Corrosion-Resistant Steel Products from the Republic of Korea*, 87 Fed. Reg. 2,759 (Dep't of Commerce Jan. 19, 2022). *See Nucor Corp v. United States*, No. 22-00050 (Ct. Int'l Trade, filed Mar. 9, 2022) (*Nucor I*).

We respectfully request that this Court deny Nucor's request for a stay. Although the issue challenged in both cases is Commerce's determination regarding the government of Korea's alleged provision of electricity for less-than-adequate remuneration, Nucor has not shown that a stay here would facilitate an efficient resolution of the case or conserve the parties' and the Court's resources. Nucor also has not shown that any duplication of efforts outweighs the detrimental effects of its requested indefinite stay. Accordingly, we respectfully request that the Court deny plaintiff's motion to stay.

## **ARGUMENT**

I.   Standard of Review

"[The] power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Apex Exps. v. United States*, 36 C.I.T. 1144, 1146 (Ct. Int'l. Trade 2012) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Although the decision whether to grant a stay rests within the Court's sound discretion, the Court "must weigh and maintain an even balance between competing interest[s] when deciding whether a stay is appropriate." *Nexteel Co., Ltd. v. United States*, Slip Op. 22-5, 2022 Ct. Intl. Trade LEXIS 4 at *4 (Ct. Int'l. Trade January 21, 2022) (*citing Landis*, 299 U.S. at 254-55). To decide whether to grant a motion to stay, the Court weighs and maintains an even balance among competing interests, including judicial economy, efficiency, and parties' resources. *See Landis*, 299 U.S. at 255-57;

*Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997); *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2003).  As the movant, Nucor bears the burden of establishing its need for a stay.  *See Landis*, 299 U.S. at 255.  The movant need not show that a related proceeding is determinative of the instant proceeding, but the movant must offer more than a generalized statement that the proposed stay would result in no harm or prejudice and explain the benefit of the proposed stay.[1]

However, "stays pending an appeal or other judicial proceeding are an extraordinary and disfavored measure." *Hyundai Elecs. Co.,. v. United States*, 53 F. Supp. 2d 1334, 1336 n.2 (Ct. Int'l Trade 1999) (quotation omitted) (*citing Gerald Metals, Inc. v. United States*, 27 F. Supp. 2d 1351, 1354 n.6 (Ct. Int'l Trade 1998)); *see also Klein v. Adams and Peck*, 436 F.2d 337, 339 (2d Cir. 1971) ("The right to proceed in court should not be denied except under the most extreme circumstances.").  This is because "some harm is inherent in any denial of the right to proceed" because "parties have an interest to quickly resolve the dispute before the court." *Neenah Foundry Co. v. United States*, Slip Op. 00-33, 2000 Ct. Int'l Trade 2000 WL 364171, *203 (Ct. Int'l Trade 2000); *NLMK Penn. Pa., LLC v. United States*, 553 F. Supp. 3d 1354, 1365 (Ct. Int'l Trade 2021).  Thus, courts "must weigh competing interests and maintain an even balance, taking into account those of the plaintiff, the defendant, non-parties or the public, and even itself." *Neenah Foundry Co.*, Slip Op. 00-33 at *205; *see also Landis*, 299 U.S. at 257.

---

[1] *Compare Columbia Forest Prod. v. United States*, 352 F. Supp. 3d 1274, 1276 (Ct. Int'l Trade 2018) (denying plaintiff's motion to stay noting, among other reasons, that outcome of related proceeding is uncertain and stay will likely delay resolution of current action), *and Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2003) (denying defendant's motion to stay pending outcome of related appeal when it was unclear related appeal would resolve issues raised in petition for review), *with Jinxiang Dong Yun Freezing Storage Co. v. United States*, 32 C.I.T. 1140, 1141 (2008) (granting plaintiff's motion to stay when related litigation could result in "decisive implications" for case sought to be stayed).

In particular, courts disfavor extensive stays and require the movant to show a "pressing need" for a protracted stay that is "immoderate or indefinite." *See Cherokee Nation of Oklahoma*, 124 F.3d at 1416; *accord LG Elecs. Inc. v. United States Int'l Trade Comm'n*, No. 13-00100, 2013 WL 5943229, at *3 (Ct. Int'l Trade Nov. 6, 2013) (denying motion to stay in part due to proposed stay's duration). As this Court has stated, timely exercise of jurisdiction is "paramount," *Gerald Metals, Inc. v. United States*, 27 F. Supp. 2d 1351, 1354 n.6 (Ct. Int'l Trade 1998) (quoting *Cherokee Nation,* 124 F.3d at 1416), even though the Court has the discretion to stay its own proceedings. *Georgetown Steel*, 259 F. Supp. 2d at 1347. Further, the movant must show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

II.     <u>Plaintiff Has Not Shown That Staying This Case Is Appropriate</u>

This Court should decline to stay this case pending the outcome of *Nucor I*. Although the two cases may share commonalities in the overarching legal issues presented, "each administrative review is a separate segment" of a proceeding with "its own unique facts," *Peer Bearing Co. v. United States*, 587 F. Supp. 2d 1319 (Ct. Int'l Trade 2008), and the Court's review of Commerce's determination is limited to the underlying administrative record, 19 U.S.C. § 1516a(a)(2); 28 U.S.C. § 2635(b)(1).

In *Nucor I*, Nucor has challenged the same issue that is challenged in this proceeding: Commerce's determination regarding the government of Korea's alleged provision of electricity for less-than-adequate remuneration. *See generally* ECF No. 08 (May 25, 2022). This question of law regarding Commerce's determination on the alleged provision of electricity for less-than-

4

adequate remuneration is a frequently reoccurring issue in Korean steel countervailing duty administrative reviews, and may be presented in new cases that have not been filed.

A trial court is not bound by another trial court's or its own decisions, *Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989), and it is not an efficient use of resources to stay every case in this Court simply because it presents a challenge to Commerce's determination regarding the alleged provision of electricity for less-than-adequate remuneration in Korea without knowing when (if ever) the Court of Appeals for the Federal Circuit will issue a dispositive precedential opinion. *See, e.g., RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1285 (Ct. Int'l Trade 2011) (staying case pending resolution of Federal Circuit appeal). Further, if the issue presented in this case is truly identical to the one presented in *Nucor I*, as plaintiff contends (Pl. Mot. at 4.), the parties can easily raise identical arguments and the Court can issue an identical opinion without expending significant efforts, so a stay would conserve only very limited resources. Thus, absent an appeal that would result in controlling precedent, staying this case pending *Nucor I* would not meaningfully promote judicial efficiency.

Moreover, the prospect that any judgment in *Nucor I* may one day be reviewed by the Federal Circuit does not at this time warrant an indefinite stay. *See Bldg. Sys. De Mexico S.A de C.V. v. United States*, 463 F. Supp. 3d 1344, 1348 (Ct. Int'l Trade 2020) ("speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay."). Aside from any appeal being hypothetical, the timing of such an appeal would depend on various factors, such as the number and duration of any remands. It is worth noting that *Nucor I* is at a very early stage of its proceedings: motions for judgment on the agency record and opening briefs are not due until July 25, 2022, and motions for oral argument are not due until November 18, 2022. Without knowing when, if ever, *Nucor I* may arrive at and

be resolved by the Federal Circuit the proposed stay would unnecessarily delay this proceeding, and Nucor has identified no pressing need for such a stay. Nucor's general statement that the proposed stay would not result in any harm or prejudice to other parties falls short of demonstrating the pressing need for the stay.

Finally, despite plaintiff's assertions otherwise, the proposed stay presents a fair possibility of prejudice for the United States. Some harm is posed by any delay of litigation. *LG Elecs., Inc. v. U.S. Int'l Trade Comm'*, Slip Op. 13-136, 2013 Ct. Int'l Trade 2013, 2013 WL 5943229, *1591 (Ct. Int'l Trade 2013) (*citing Neenah Foundry Co.*, Slip Op. 00-33 at *205). For example, during the indefinite stay, the memories of agency personnel and other interested parties will fade. *See id*. New personnel may replace the agency employees with knowledge of the case and the stagnant case will remain dormant on the Court's docket. Although a similar argument was found unpersuasive in *Jiaxing Brother Fastener Co. v. United States*, 179 F. Supp. 3d 1156, 1161 (Ct. Int'l Trade 2016), that decision does not bind this Court. Experienced and competent personnel are critical — and indeed the most important — resources of the agency. To the extent that the Court considers the conservation of the parties' resources, the realities and practical implications of the proposed stay warrant consideration. Therefore, plaintiffs are incorrect in asserting that a stay would not result in any harm or prejudice.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny Nucor's motion to stay these proceedings.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

6

|  |  |
|---|---|
|  | PATRICIA M. MCCARTHY<br>Director<br><br>/s/ Tara K. Hogan<br>TARA K. HOGAN<br>Assistant Director |
| OF COUNSEL:<br><br>W. MITCH PURDY<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ Augustus Jeffrey Golden<br>AUGUSTUS JEFFREY GOLDEN<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>Tel: (202) 507-6089<br>Fax: (202) 307-0972<br>Email: augustus.j.golden@usdoj.gov |
| June 24, 2022 | Attorneys for Defendant |

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| NUCOR CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> GOVERNMENT OF THE REPUBLIC OF KOREA, ) <br> ) <br> Defendant-Intervenors. ) | Court No. 22-00070 |

## ORDER DENYING PLAINTIFFS' MOTION TO STAY PROCEEDINGS

Upon consideration of the motion to stay filed by Nucor Corporation, as well as defendant's response in opposition thereto, and all other pertinent papers, it is hereby

ORDERED that the motion to stay is DENIED.

DATED: _____, 2022
New York, New York

_____
CHIEF JUDGE