IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| NUCOR CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant,<br><br>  and<br><br>GOVERNMENT OF THE REPUBLIC OF KOREA,<br><br>      Defendant-Intervenor. | Before: Hon. Mark A. Barnett,<br>      Chief Judge<br><br>Court No. 22-00070 |

## DEFENDANT-INTERVENOR'S RESPONSE IN OPPOSITION TO MOTION TO STAY

Defendant-Intervenor the Government of the Republic of Korea ("GOK") hereby responds to the motion to stay filed by Plaintiff Nucor Corporation ("Plaintiff"). ECF No. 25. For the following reasons, Plaintiff's motion to stay this case pending final disposition of *Nucor Corp v. United States*, No. 22-00050 (Ct. Int'l Trade, filed Feb. 18, 2022) ("*Nucor I*"), should be denied, and the briefing of this action should proceed pursuant to the schedule set in the Court's scheduling order. ECF No. 24.

This response is timely submitted. Plaintiff filed its motion to stay proceedings on June 10, 2022. ECF No. 25. Pursuant to USCIT Rule 7(d), a response to a motion is timely if it is filed within 21 days after service of such motion. This response is being filed within the 21-day window for filing a response.

Plaintiff challenges in this appeal the U.S. Department of Commerce's ("Commerce") final results in the 2019 administrative review of the countervailing duty order covering *Certain Carbon and Alloy Steel Cut-to-Length Plate From the Republic of Korea*, 87 Fed. Reg. 6,842 (Dep't Commerce Feb. 7, 2022), *corrected by Certain Carbon and Alloy Steel Cut-to-Length Plate From the Republic of Korea*, 87 Fed. Reg. 21,096 (Dep't Commerce Apr. 11, 2022). The issue in this appeal is Commerce's determination regarding the GOK's alleged provision of electricity for less than adequate remuneration ("LTAR"), which Nucor argues is unsupported by substantial evidence or is otherwise not in accordance with law. *See* Compl. ¶¶ 20–21, ECF No. 8. Nucor makes a similar argument in *Nucor I* (*see Nucor I* Compl. ¶¶ 20–21, ECF No. 10), and has indicated it will raise this issue in several other ongoing administrative reviews.

While Commerce used similar language and reasoning to support its determination regarding the provision of electricity for LTAR in all of these cases, staying this and future actions based solely on the fact that Commerce considered this same issue in the underlying proceedings would neither conserve the resources of this Court or the parties nor promote judicial economy for the reasons detailed below.

First, despite the overlap regarding this issue, the additional cases in which Plaintiff has indicated it plans to file an appeal differ in the number and substance of issues addressed by Commerce and which may be appealed by Plaintiff, the respondent companies (which also vary between the different reviews), or the GOK. For example, in certain of the cases identified by Petitioner, Commerce determined that the Korean Emission Trading System ("K-ETS") provides countervailable benefits. This determination has already been appealed by certain respondents, including with respect to Commerce's decision in *Certain Cut-to-Length Carbon-Quality Steel Plate*. *See Hyundai Steel Company v. United States*, No. 22-00029 (Ct. Int'l Trade, filed Jan. 28,

2022).[1]  It is also likely that parties will appeal other aspects of the administrative reviews that Plaintiff has indicated should be stayed pending the outcome of *Nucor I*.

The Court has previously consolidated cases where the actions challenge aspects of the same final determinations or results.  *See e.g., Oman Fasteners, LLC v. United States*, No. 18-00244, 2019 Ct. Intl. Trade LEXIS 105, at *21 (Ct. Int'l Trade Aug. 8, 2019) (finding that consolidation is appropriate where actions concern the same underlying administrative determination based on judicial economy).  It is likely that interested parties may similarly request consolidation where challenges are raised regarding multiple issues in the additional cases identified by Plaintiff.  A stay of all cases involving the alleged provision of electricity for LTAR pending the final disposition of *Nucor I* would prevent such consolidation, forcing different aspects of the same final results to be litigated as separate proceedings.  In the alternative, if the Court were to grant the stay in this proceeding but to decline to stay the proceedings and to consolidate the issues in the additional cases identified by Plaintiff, Plaintiff's approach could result in a patchwork of stays whereby the litigation regarding the same issue would proceed in a handful of cases but not in others.  Neither scenario would result in an efficient use of the Court's and the parties' resources or promote judicial economy; in fact, it would likely have the opposite effect.

Second, while the issue of the alleged provision of electricity for LTAR in Korea has been raised in several countervailing duty administrative reviews, those appeals have – to date – never resulted in a decision from the Court of Appeals for the Federal Circuit ("Federal Circuit")

---

[1] This appeal was not consolidated with the appeal from the same administrative determination regarding the GOK's alleged provision of electricity for LTAR, but it demonstrates that countervailing duty cases with respect to Korea involve a number of contested issues that may be raised by parties in future appeals besides the alleged provision of electricity for LTAR.

3

that would require Commerce to treat Korea's provision of electricity in a particular manner. Notably, Plaintiff seeks a stay pending an appeal that was only recently filed before this Court. As the Government points out in its response to Plaintiff's motion, because proceedings in *Nucor I* are still at the very early stages, the stay that Plaintiff seeks could last several years.  *See* ECF No. 26, pp. 5-6.  Moreover, there is no guarantee that *Nucor I* will ever be appealed to the Federal Circuit or, if such an appeal is filed, that the resulting decision from the Federal Circuit would mandate a particular outcome in this appeal.  Thus, this action could be delayed for years without any of the supposed benefits touted by the Plaintiff if this Court issues the requested stay.

Third, to the extent the issue is identical, as Plaintiff alleges, parties and the Court may simply use the same arguments and reasoning.  This would minimize the expenditure of resources without unduly delaying the proceedings.  Thus, any conservation of judicial resources resulting from a stay would be minimal.

Lastly, an indefinite stay of the kind that Plaintiff seeks would be harmful to the GOK as such a delay increases the likelihood that GOK personnel familiar with the issue will be replaced before the Court's final determination, which would result in the GOK expending additional time and resources to train new personnel and maintain records regarding past actions.  The GOK is also cognizant of and concerned by the potential harm that an indefinite delay in the resolution of this case would have on Korean exporters whose entries remain suspended pending the final decision in this action.  The cash deposit rate for Korean exporters during 2019 was the rate set forth in the countervailing duty order, which was 4.31% until it was adjusted to 3.72% effective November 18, 2019 following litigation regarding the original order.  *Certain Carbon and Alloy Steel Cut-To-Length Plate From the Republic of Korea: Notice of Court Decision Not in*

*Harmony With Final Countervailing Duty Determination, and Notice of Amended Final Countervailing Duty Determination*, 84 Fed. Reg. 64,459 (Nov. 22, 2019).  The rate calculated in the 2019 administrative review for the companies subject to the review was *de minimis*, which would result in liquidation of covered entries without any countervailing duties.  *See* 87 Fed. Reg. at 6,843-44.  A stay would unreasonably harm Korean exporters that are otherwise entitled to receive refunds.

In sum, if Plaintiff's request for a stay were granted, it would create, rather than eliminate, additional burdens on time and resources for the Court and all parties involved, contrary to court rules and precedent.  USCIT Rule 1 requires the court rules to "be construed, administered, and employed by the court and the parties to secure the ***just, speedy, and inexpensive*** determination of every action and proceeding" (emphasis added).  Based on this principle, the Court has repeatedly held that, while the authority to stay proceedings is within the Court's discretion, it "must weigh and maintain an even balance between competing interest[s] when deciding whether a stay is appropriate."  *Nexteel Co. Ltd. v. United States*, Slip Op. 22-5, 2022 Ct. Intl. Trade LEXIS 4 at *4 (Ct. Int'l. Trade Jan. 21, 2022).  In doing so, the Court considers judicial economy, efficiency, and parties' resources.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 255-57 (1936); *Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997); *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2003).  A stay in this case would fail to adequately balance the interests of the parties and would inappropriately favor Plaintiff over all other parties.

For the aforementioned reasons, the GOK respectfully requests that the Court deny Plaintiff's motion to stay and proceed pursuant to the established briefing schedule.

          Respectfully submitted,

          /s/ Yujin K. McNamara
          Yujin K. McNamara
          Sarah S. Sprinkle
          Daniel M. Witkowski
          Devin S. Sikes
          Sydney L. Stringer
          Sung Un K. Kim
          AKIN GUMP STRAUSS HAUER & FELD LLP
          2001 K Street NW
          Washington, DC 20006
          Phone: (202) 887-4347
          E-mail: ymcnamara@akingump.com

Dated: July 1, 2022          *Counsel for the Government of the Republic of Korea*